### Hardin County Telephone Company, Appellant, v. Omer Vinyard, Appellee.

VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the Circuit Court of Hardin county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

RICHARD F. TAYLOR, for appellant.

OXFORD & DENTON, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit involves a bill for telephone services,

amounting to $19. The suit was instituted by appellant against appellee before a justice of the peace, and afterwards appealed to the Circuit Court of Hardin county, where a jury was waived and a trial had before the court, resulting in a finding in favor of appellee and a judgment against appellant for costs.

It appeared from the proofs that, appellee, Omer Vinyard, and his mother, Caroline Vinyard, on April 2, 1907, entered into a lease with W. H. Hill, for certain farm land in Hardin county, for a term of some three months, which was afterwards extended to November 15, 1908. Appellee was an unmarried man, living with his father, mother and several other members of the family, all of whom moved upon the rented farm soon after the lease was made. After the family moved to the farm, a telephone was ordered to be put in the house they lived in, which remained there in use some 18 months, the rate charged being one dollar a month, and the bill includes the charges for those services and an additional dollar for messages claimed to have been sent over appellant's lines after appellee left the farm.

It is claimed on the part of appellant that appellee ordered the telephone put in the house, and there was evidence tending to show this to be the fact. On the other hand appellee's mother, Caroline Vinyard, testified that she and her daughter, Stella, had the "phone" put in and that appellee had nothing to do with it. She also said that she at the time intended to pay the rent for the phone, but gave as an excuse for not doing so, that appellant owed her for some services rendered in connection with boarding one of appellant's employes and for repairing the telephone line, which appellant refused to pay; that she had offered to settle with appellant and was still willing to settle with it and that her bill was $6.50. She also testified that appellant refused to settle with her daughter Stella, who was employed by appellant during a portion of the time in question, and kept $13 out of her

wages.  The daughter, Stella, testified that she and
her mother and sister informed appellant's agent they
wanted a telephone and afterwards that she and her
mother ordered the phone put in.  The president of
appellant company testified that the rent of the phone
was charged to appellee, and the latter was so in-
formed.  The books of the company, however, were
not introduced in evidence and Stella Vinyard swore
that while she was in the employ of the company she
saw the books and that the phone was not charged
to appellee, but was to either Mr. or Mrs. Vinyard,
the father and mother of appellee.  Lydia Kirkham,
another operator, also swore that she had seen the
books and there was no phone charged against ap-
pellee that she knew of, but that she thought it was
charged to his father, W. H. Vinyard.  Mrs. Mary
Fowler, who stated that she had charge of the books
of the company, and also acted as treasurer for
awhile, testified that appellee was not charged with
the rent of the phone on the book that she had.

As bearing upon the question of the charge of one
dollar for the use of the phone, there was evidence
on the part of appellant that no one except the
heads of families and children dependent upon them,
were entitled to the use of a phone, while on behalf
of appellee there was the evidence of two operators,
one of whom was Stella Vinyard, tending to show that
any member of the immediate family of a subscriber
was entitled to the use of the phone.

It will be readily seen that the evidence in this case
was conflicting, irreconcilable and somewhat evenly
balanced.  Such being the case we are not at liberty
to disturb the findings upon the facts, of the court
below.  See authorities cited in Vol. 1 Ill. Cyc. Digest
at page 455.

It is insisted however by appellant that as appellee
and his mother rented the farm together, they were
partners and that, therefore, even if the phone was
ordered in by the mother, appellee was jointly liable
with her for the debt.  If it should be so conceded

that the joint leasing constituted a partnership in the sense claimed by appellant, and that the ordering in of the phone could be considered an incident to the partnership, yet this suit is not against the partnership but against appellee alone, and no judgment could have been obtained against appellee in this suit,. for a partnership debt. The record as a whole does not present any sufficient reason for disturbing the finding of the court below, and its judgment will be affirmed.

*Affirmed.*